IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| ROBERT EUGENE JORDAN, JR., PRO SE, #41542 Previous TDCJ-ID No. 487717<br><br>    Plaintiff,<br><br>v.<br><br>JOEL W. RICHARDSON and LEROY CHAPMAN,<br><br>    Defendants. | 2:06-CV-0103 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff ROBERT EUGENE JORDAN, JR., acting pro se and while a prisoner confined in the Randall County Jail, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff complains that, of three pieces of mail to his mother which he deposited on December 5th, one envelope was empty, missing eight to ten pages of creative writings which plaintiff intended to have published. Plaintiff states prison officials had failed to tape any of the envelopes shut and that the Post Office had stamped them 'Received unsealed." Further, as to the empty envelope, plaintiff says the Post Office had also stamped it and "Received unsealed and empty."

Plaintiff also complains that, during the fifteen months he has been in Randall County Jail, he has been denied all access to the law library and its materials and in formation. He says defendant CHAPMAN informed him that, because he had an attorney, he did not qualify to go to the law library. Plaintiff complains that he should not have to proceed *in pro se* in order to attend the law library.

Plaintiff says he is suing defendant RICHARDSON "because he is the Sheriff and is responsible for policy, mistakes, and/or purposeful violations of inmates' federal mail rules or procedures."

Plaintiff requests "punitive damages for mental anguish and monetary loss suffered in the amount of $5,000,000.00."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's request for monetary relief for his mental anguish is not supported by any allegation of physical injury and is, therefore, barred by the physical injury requirement set forth in Title 42, United States Code, section 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

The Court notes that plaintiff's constitutional right of access to courts was satisfied by the provision of appointed counsel.  *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996).  Consequently, plaintiff's claim lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's mail, plaintiff's allegations state merely a claim of negligence, if that; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

(1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim.").

Lastly, supervisory officials, such as sheriffs, cannot be held vicariously liable for a subordinate's actions under section 1983. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir.), *cert. denied*, 488 U.S. 851 (1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985)(*per curiam*). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Plaintiff has failed to allege any affirmative participation by defendant RICHARDSON in the acts of which he complains nor has he alleged any unconstitutional policy which caused his alleged injury. Consequently, plaintiff has failed to state a claim against defendant RICHARDSON on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ROBERT EUGENE JORDAN, JR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   1st   day of August, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE